IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAMAYOUN KARIMI,

Petitioner,

v. No. 1:26-cv-02863-KG-DLM

TODD BLANCHE, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Hamayoun Karimi's Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1. Having reviewed Petitioner's Petition, Doc. 1, the Government's Response, Doc. 5, and Petitioner's Reply, Doc. 6, the Court grants the Petition.

## *I. Background*

Petitioner is a citizen of Afghanistan. Doc. 1 ¶ 1. On January 3, 2025, he was detained upon entry into the United States at the B&M International Bridge in Brownsville, Texas. Doc. 5 at 1. Following his detention at the border the Department of Homeland Security ("DHS") placed Petitioner "in removal proceedings...." Doc. 1 ¶ 3. On September 19, 2026, an immigration judge denied Petitioner's application for asylum, withholding of removal under INA § 241(b)(3), and withholding of removal under the Convention Against Torture. Doc. 5-2. The immigration judge ordered Petitioner removed to Afghanistan. *Id.* Petitioner appealed the order of removal to the Board of Immigration Appeals ("BIA"). Doc. 5-3. He has been in DHS custody for 20 months and is currently detained at the Torrance County Detention Center. Doc. 1 ¶ 1.

Petitioner requests release from unreasonable and indefinite detention in violation of the Fifth Amendment's Due Process Clause. Doc. 1. The Government opposes the motion, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and that he is not entitled to a bond hearing or immediate release. Doc. 5 at 4–5.

## *II. Standard of Review*

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)). A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## *III. Analysis*

For the reasons below, the Court concludes that (1) Petitioner's detention is governed by § 1225(b); (2) his prolonged detention violates his due process rights; and (3) the appropriate remedy is a bond hearing.

### *A. Petitioner is properly detained under § 1225(b).*

Section 1225(b) governs noncitizens "seeking admission" into the United States who are detained at a port of entry or shortly after entry. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) (noting that noncitizen is "seeking admission" when they are "seeking to enter the United States at the border"). Section 1225(b) "makes no mention of bond and instead mandates that noncitizens subject to its authority shall be detained." *Santillan Quiroz*, 180 F.4th at 1234 (internal quotation marks and citations omitted); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d

1231, 1238 (D.N.M. 2025) ("Noncitizens detained under § 1225 are not entitled to bond hearings."); *see also Cortez-Gonzales v. Noem*, 811 F. Supp.3d 1287, 1295 (D.N.M. 2025) ("A noncitizen detained under Section 1225(b)(2) may be released only if he is paroled for urgent humanitarian reasons or significant public benefit under 8 U.S.C. § 1182(d)(5)(A).") (internal quotations omitted). Here, Petitioner was detained immediately following entry into the United States. Doc. 5 at 1. He is an arriving alien properly detained under § 1225(b).[1]

***B. Petitioner's prolonged detention violates due process.***

Petitioner argues that his 20-month detention is in violation of the Fifth Amendment's Due Process Clause. Doc. 1. The Court agrees.

The Petition presents a similar, although not identical, set of circumstances to this Court's recent decision in *Khil v. Mullin*, No. 1:26-CV-00986-KG-KRS, 2026 WL 2427977 (D.N.M. Aug. 19, 2026). In *Khil*, the Court analyzed a substantive due process claim and concluded that Mr. Khil's confinement for 19 months, pending an appeal to the BIA, was a violation of his substantive due process rights. *Id.* at *2–4. The Court ordered the Government provide Mr. Khil with a bond hearing. *Id.* at *4. Here, Petitioner appealed the denial of his request for relief to the BIA and DHS has detained Petitioner for a total of 20 months. *See generally* Docs. 1, 6. The Court concludes that Mr. Khil and Petitioner's matters are factually and legally similar. Accordingly, the Court adopts the applicable substantive due process analysis and reasoning set forth in *Khil* here. 2026 WL 2427977 at *2–4 (concluding arriving aliens have Fifth Amendment substantive due process rights and those rights may be violated if detention becomes punitive).

---

[1]The Court uses the term "arriving alien" to refer to the class of noncitizens detained at the border. 8 C.F.R. § 1.2.

Respondents have not met their burden to show that Petitioner's detention is non-punitive or otherwise justified. *See id.* at *3 ("Thus, § 1225 authorizes prolonged mandatory detention only where the Government provides a "special justification" for detention that "outweighs the individual's constitutionally protected interest in avoiding physical restraint.") (quoting *Zadvydas*, 533 U.S. at 690); *see generally* Doc. 6. The continued delay in completing deportation proceedings infringes on Petitioner's liberty interest in being free from arbitrary detention. *See, e.g.*, *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *6 (D.N.M. Apr. 9, 2026) (concluding that petitioner's 14-month detention violated due process); *Mbaku v. Mullin,* No. 1:26-CV-00078-SMD-JMR, 2026 WL 1959355, at *5 (D.N.M. July 7, 2026) (noting 18-month detention violated due process). Petitioner's prolonged detention violates his substantive due process right to be free from arbitrary physical restraint.

***C. The proper remedy is a bond hearing.***

The Court will order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge. While Respondents have a strong interest in enforcing immigration laws, their "interest in detaining noncitizens absent a rational reason for doing so is low." *Mendibaev v. Lyons*, No. 1:25-CV-01308-DHU-GBW, 2026 WL 917457, at *7 (D.N.M. Apr. 4, 2026). The Court recognizes that providing Petitioner a bond hearing necessarily entails an "administrative burden[ ]." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). But "[c]ourts generally have found that the cost of providing a bond hearing is relatively minimal." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-CV-00998-EPG-HC, 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025) (citing cases). The Court similarly concludes that an individualized bond hearing is a minor burden and will not interfere with the Respondents' "sovereign prerogative...to decide which [noncitizens] to admit." *Landon v. Plasencia*, 459 U.S. 21, 32

(1982). Additionally, pre-removal detention is still at issue because Petitioner's appeal regarding his order of removal remains pending. *See* 8 C.F.R. § 1241.1. If the order of removal becomes final, this Order will not affect the Respondents' authority to detain Petitioner. *See* § 1231(a).

## *IV. Conclusion*

For the reasons stated herein, the Petition for Writ of Habeas Corpus, Doc. 1, is granted.

1. Within 14 days of this Order, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge.
2. At the hearing, Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community.
3. If a bond hearing is not provided within 14 days, Petitioner shall be released under appropriate conditions of supervision.
4. Respondents shall file a status report within 21 days to certify compliance with this order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.